## Case No. 9,348.

### The MAY HOWLAND.

#### COLD et al. v. The MAY HOWLAND.

[2 Adm. Rec. 307–312.]

Superior Court, Florida. Nov. 19, 1839.

SALVAGE—DECREE—AMOUNT—ALLOWING EXTRA TIME FOR PAYMENT.

In admiralty.

Charles Walker, for libellants.
A. Gordon, for respondent.

MARVIN, J. It appearing that the libellants are entitled to salvage for their services in saving the cargo and materials, as by them alleged; and that the total value thereof in cash at this port is $23,651.85; and that the miscellaneous character and nature of said cargo is such that salvage cannot be awarded and paid in kind, or by a division of said cargo, as the rule and custom of this court requires when salvage can be paid in kind, and it is not otherwise adjusted by the parties, so that a sale becomes necessary, unless the same shall be advanced and paid by the underwriters or owners thereof; and it also appearing that if a sale of part of said cargo be had to pay salvage and expenses, the residue thereof cannot be transhipped to its port of original destination without incurring an expense far disproportioned to its value; so that it is most to the interest of whoever may be concerned, that the whole of said cargo be sold by order of this court, unless such salvage be advanced and paid by the owners or underwriters, as is shown by the petition of the master filed in this case; and it also appearing reasonable that further time should be given to the owners and underwriters to advance and pay said salvage, before resorting to a sale thereof: ordered, adjudged and decreed that the marshal advertise and sell at public auction on the 2nd day of December the cargo and materials of the ship May Howland which remain unsold, unless before that time the owners or underwriters thereof pay to him the salvage and expenses hereinafter decreed; and that from the moneys paid into court, if sale be had, the clerk pay first the taxable costs and expenses of this suit, including the marshal's, clerk's and witnesses' fees, wharfage, storage and bills for labor duly attested.

Second, if the whole cargo be sold and the proceeds brought into court, that then he pay from the residue of said money arising from the sale of cargo and materials saved by them, to David Cold, Samuel Sanderson, John Geiger, William H. Bethel or their respective agents, in full for their services, forty-three per cent. thereof. If the cargo be not sold, that then he pay them the sum of eight thousand one hundred and thirty-six dollars for their services as aforesaid.

Third, that the clerk, if sale be had of that part of the cargo and materials saved by Haley, Curry, and Roberts, pay to them or their respective agents, fifty per cent. of the proceeds of sale after paying as above directed the costs and expenses properly chargeable to the cargo and materials saved by them. If no sale be had, that then he pay to them the sum of eight hundred dollars in full for their services.

Fourth, if the owners or underwriters as above provided advance and pay the salvage and expenses, then the marshal is ordered to receive, and the clerk to pay, the salvage above specified, and the costs and expenses of this suit above specified, and thereupon discharge the said cargo.

Fifth, that all moneys remaining in the registry of the court, the clerk is directed to pay, to the master of the said ship, as the agent of all persons interested therein, and that Spanish doubloons be received, and paid at $17.00 each, and Mexican doubloons at $16.00 each, and all other questions be reserved.